UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          Case No.   8:00-cr-180-T-23TGW
                                                       8:06-cv-102-T-23TGW
JAMES LAWRENCE
                                        /

**O R D E R**

Lawrence's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for possession with intent to distribute cocaine, for which offense he was sentenced to 189 months.

A motion to vacate must be reviewed prior to service on the United States. *See* Rule 4 of the Rules Governing § 2255 Cases. If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is properly denied without a response from the United States. 28 U.S.C. § 2255. *See also United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (a "§ 2255 hearing is not required if 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief'") (citation omitted); *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (affirming district court's summary dismissal of a Section 2255 motion "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule

---

[1] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'"). For reasons set forth below, Lawrence's motion is time-barred. *Jackson v. Secretary of Department of Corrections*, 292 F.3d 1347, 1349 (11th Cir. 2002) (district court possesses discretion to raise the issue of the timeliness of a petition for habeas corpus *sua sponte*).

Lawrence had one year from the date his conviction was final to file his Section 2255 motion. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255. Lawrence's direct appeal was dismissed on March 18, 2002 (Doc. 123) based on a valid appeal waiver in the plea agreement. The limitations period started running 90 days later. *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."), and *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002) ("[E]ven when a prisoner does not petition for certiorari, his conviction does not become 'final' for purposes of § 2255(1) until the expiration of the 90-day period for seeking certiorari.") (emphasis original). Consequently, Lawrence's one-year period commenced on June 16, 2002, and expired one year later in 2003. Lawrence represents that he signed the motion to vacate on January 12, 2006. Because Lawrence did not commence this

proceeding until well after the expiration of the one-year limitations period, this proceeding is time-barred.

Lawrence alleges his attorney told him that he would file a petition for writ of *certiorari*, which would take years to resolve. Lawrence also represents that he waited until December of 2005, more than 3½ years after his direct appeal was dismissed, before he contacted the Supreme Court to learn the status of any petition. The essence of Lawrence's argument is that he is entitled to equitable tolling of the limitations period. Lawrence has the burden of proving that he is entitled to equitable tolling. *Jones v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003). "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Extraordinary circumstances did not prevent Lawrence from contacting the Supreme Court before expiration of the limitations period. Consequently, Lawrence is not entitled to equitable tolling.

Accordingly, the motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** as time-barred. The clerk shall enter a judgment against Lawrence and close this action.

ORDERED in Tampa, Florida, on January 24, 2006.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro